J-A20006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BERATI TRANSPORTER, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PENSKE TRUCK LEASING CO LP | : | No. 1722 MDA 2022 |
| D/B/A PENSKE TRANSPORTATION | : | |
| SOLUTIONS | : | |

Appeal from the Order Entered November 23, 2022
In the Court of Common Pleas of Berks County
Civil Division at No(s):  20-16089

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.:                    **FILED DECEMBER 01, 2023**

Berati Transporter, LLC appeals from the order granting the motion for summary judgment filed by Penske Truck Leasing Co LP d/b/a Penske Transportation Solutions ("Penske"). Berati argues that it presented a genuine issue of material fact pursuant to its claim that Penske committed fraud in selling it used trucks and therefore the trial court erred in granting the summary judgment motion. We affirm.

In context of this appeal, the facts of this case are largely undisputed. Berati, a limited liability corporation with its primary office in Philadelphia, transports products in box trucks. In March 2018, Berati, through an agent,

_____

* Former Justice specially assigned to the Superior Court.

contacted Penske to purchase used commercial trucks for its business. Penske maintained a "premium list" of commercial trucks for sale.

On April 13, 2018, pursuant to bills of sales, Berati purchased four commercial trucks from the list. The trucks were heavily used and had been driven between 182,323 and 272,088 miles. Under the bills of sale, Penske sold the trucks on an "as-is" basis, and expressly made no further warranty of any kind, express or implied, merchantability, or fitness for any particular purpose. The bills of sale also provided Berati 15 days to inspect the vehicles and inform Penske in writing if any of the vehicles did not meet delivery conditions. The bills of sale further stated that a failure to notify Penske during this period constituted an agreement that the trucks met the delivery conditions. The bills of sale additionally indicated that Penske did not guarantee or warrant any condition of the trucks after delivery, except for the title, and that Penske had no obligation to conduct any maintenance, work, or repairs on the trucks other than meeting the delivery conditions following notice from Berati. Significantly, the bills of sale included a clause that there were no representations or promises made by the parties other than what was set forth in the agreement.

Following delivery, Berati informed Penske that two trucks had issues. As a result, Penske repaired the trucks in question and returned them to Berati. Berati did not communicate any other issues within 15 days of the bills

of sale. During the next year, Berati discovered several major issues with each of the four trucks, requiring repairs at a significant expense.

Berati filed a complaint, and subsequently amended complaints, asserting breach of contract and fraud causes of action against Penske with respect to the sale of the trucks. Notably, as part of its fraud claim, Berati averred that Penske fraudulently misrepresented that the trucks were roadworthy. Penske filed a motion for summary judgment with respect to both causes of action. Thereafter, Berati voluntarily withdrew its breach of contract claim. The trial court then granted summary judgment on the fraud claim in favor of Penske. Berati timely appealed.

On appeal, Berati raises the following questions for our review:

1. Should the Trial Court grant a Motion for Summary Judgment to dismiss a fraud claim on the basis that an as-is provision in a contract disclaims warranties, when the fraud claim was based not on a breach of contract theory but rather arose from pre-contractual misrepresentations made to induce entry into the contract?

2. Should the Trial Court grant a Motion for Summary Judgment and dismiss a fraud claim when the non-moving party misrepresented, as a matter of law, that vehicles were roadworthy?

3. Should the Trial Court grant a Motion for Summary Judgment when expert reports demonstrate a genuine issue of material fact that the non-moving party misrepresented that vehicles were roadworthy at the time of sale?

Appellant's Brief at 4.

In reviewing an order granting summary judgment, our standard of review is as follows:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

Moreover, we recognize that … [w]here the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Further, failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Shellenberger v. Kreider Farms*, 288 A.3d 898, 905-06 (Pa. Super. 2023) (citations, quotation marks, and paragraph break omitted).

We will address Berati's claims together. Berati contends that the trial court erred in concluding that it failed to produce evidence supporting its fraud claim. *See* Appellant's Brief at 11, 15. Berati notes that contractual terms do not foreclose a tort claim which is based on misrepresentations made prior to the entry of a contract. *See id.* at 12. Berati argues that Penske made pre-contractual misrepresentations that the trucks were "roadworthy," which were not subject to the "as-is" condition in the bills of sale. *See id.* at 11-12; *see*

*also id.* at 12 (highlighting that the contract fails to specify that the trucks were not roadworthy). Berati, citing to the Automotive Industry Trade Practices ("AITP") Regulations, asserts that Penske affirmed that the trucks were roadworthy by holding them out for public sale. *See id.* at 12-13 (citing 37 Pa. Code § 301.2(5) ("For the purposes of this chapter, a motor vehicle which is offered for sale is represented to be roadworthy ….")).

Furthermore, while Penske claims that the AITP Regulations are not applicable to commercial transactions, Berati asserts that the regulation does not provide any such limitation. *See id.* at 13-14. Berati maintains that his expert reports opining that the trucks were not roadworthy at the time of the sale established a genuine issue of material fact regarding Penske fraudulent misrepresentation. *See id.* at 14, 15.

Preliminarily, the Attorney General adopted the AITP Regulations for the enforcement and administration of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). *See* 73 P.S. § 201-3.1 ("The Attorney General may adopt, after public hearing, such rules and regulations as may be necessary for the enforcement and administration of this act."); *see also Beckman v. Vassall-Dillworth Lincoln-Mercury, Inc.*, 468 A.2d 784, 789 (Pa. Super. 1983) (noting that the AITP Regulations were enacted pursuant to Section 201-3.1 of the UTPCPL). The AITP Regulations establish acts and practices related to the sale of motor vehicles that are unfair or deceptive. *See* 37 Pa. Code §§ 301.1-301.6. Importantly, a violation of the

AITP Regulations may support an action under the UTPCPL; however, the UTPCPL limits private actions under that act to persons who purchase or lease "goods or services primarily for personal, family or household purposes." 73 P.S. § 201-9.2.

Here, Berati failed to raise any UTPCPL claim either in his amended complaint or on appeal. Moreover, Berati purchased the trucks for business purposes; therefore, it could not assert a private cause of action under Section 201–9.2(a). Accordingly, Berati's claim premised on the AITP Regulations cannot grant him relief.

Likewise, Berati has not established, through any citation to relevant authority, that noncompliance with Section 301.2(5) renders the "as-is" provision in the bills of sale unenforceable. To that end, Berati fails to produce evidence of any representation by Penske which turned out to be knowingly false. Notably, the bills of sale explicitly stated that the trucks were sold "as is" and disclaimed any warranties, express or implied, merchantability, or fitness for any particular purpose. **See** Bills of Sale (3 trucks), 4/13/18, at 1; Bills of Sale (1 truck), 4/13/18, at 1; **see also** 13 Pa.C.S.A. § 2316(c)(1) (stating that "[u]nless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is,' … calls the attention of the buyer to the exclusion of warranties and makes plain that there is no implied warranty."). In fact, Berati cannot rely on its assertion that Penske should

have known any more than it should have known. As the trial court correctly points out:

> [Berati] alleges that [Penske] knew or should have known that the vehicles were delivered with bent, cracked[,] or twisted frames; cracked engine block; unable to pass state inspection; damaged transmission; and flood damage. However, [Berati] fails to explain how these substantial defects could have existed upon delivery and not have been discovered by [Berati] and written notification provided to [Penske] within the fifteen days allowed under the terms of the contract. [Berati] further fails to explain how [Penske] could have intentionally misrepresented the condition of the heavily used vehicles sold "as is," knowing the [Berati] would have opportunity to inspect the vehicles upon delivery and would have recourse if defects were discovered.

Trial Court Opinion, 11/21/22, at 2 (unnumbered).

In light of the foregoing, Berati does not establish an issue of material fact, and we conclude that the trial court properly entered summary judgment in favor of Penske.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/01/2023